UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G&M FARMS, INC., | Case No. 1:13-cv-0368 LJO MJS |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| BRITZ-SIMPLOT GROWER SOLUTIONS, LLC, et al., | (Doc. 11) |
| Defendants. | |

Pending before the Court is Defendants Britz-Simplot Grower Solutions, LLC ("Britz") and Tom Branson's ("Mr. Branson's") (collectively "Defendants'") motion to dismiss for lack of subject matter jurisdiction.  Plaintiff G&M Farms, Inc., d/b/a River Valley Farms, ("Plaintiff" or "G&M") has filed an opposition to the motion, and Defendants have filed a reply.  Having carefully considered the parties' submissions, the Court GRANTS the motion to dismiss.

**I.     PRELIMINARY STATEMENT**

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is simply unable to devote inordinate time and resources to individual cases and matters.  Given the shortage of district judges and court staff, this Court addresses only the arguments, evidence, and

1

matters necessary to reach the decision in this order.  The parties and their counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to further accommodate the parties and this action.

The parties are required to consider consenting to conducting all further proceedings before a U.S. Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.  Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial in order to accommodate criminal matters.  Civil trials are no longer rescheduled to a later date if for any reason Judge O'Neill becomes unavailable on the original date set for trial.  Moreover, the Fresno Division of the Eastern District of California randomly and without notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges.  Unless the parties consent to proceed before a Magistrate Judge, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## II. BACKGROUND

### A. Plaintiff's Allegations

G&M is a blueberry grower with its principal place of business in Fresno County, California.  Britz is a distributor of agricultural chemical products, including Bloom Blend and Acadian Seaweed Concentrate ("Acadian").  Mr. Branson is licensed as a pest control advisor and was employed at all times relevant to this case by Britz.

On February 24, 2010, Mr. Branson recommended that Plaintiff purchase Bloom Blend and Acadian from Britz for use as a fertilizer.  Mr. Branson informed Plaintiff that the products had been tested and were safe for use on blueberries during the bloom period.  However, this turned out to be untrue.  One month later, and as a result of using Acadian, Plaintiff's blueberry bushes were damaged or destroyed.  Much of the fruit was rendered unmarketable, and the blueberries that were marketable were of diminished size, quality, and value.

Unbeknownst to Plaintiff at the time, Acadian is not only a fertilizer but is also a plant growth regulator.  It affects the physiology of plants and changes a plant's growth and production.  Although Mr. Branson and Britz knew or should have known about Acadian's growth regulating effects, neither

of them disclosed this information to Plaintiff.  Moreover, Acadian's label and safety instructions fail to warn users of the product's potential adverse effects.

### B. Procedural History

Based on the above allegations, Plaintiff filed a complaint on March 13, 2013, asserting four causes of action against Defendants: (1) strict liability for design defect; (2) negligence for a failure to warn; (3) misrepresentation; and (4) fraudulent concealment.  On April 19, 2013, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendants maintain that all of Plaintiff's causes of action arise out of state law and therefore the Court lacks subject matter jurisdiction over this case.  Plaintiff filed an opposition to the motion on May 6, 2013, and Defendants filed a reply on May 13, 2013.

## III. LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction."  Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 377 (1994).  The party invoking federal jurisdiction over a matter carries the burden of establishing its existence.  Id.

A challenge pursuant to Rule 12(b)(1) may be facial or factual.  White v. Lee, 227 F.3d 1214, 1212 (9th Cir. 2000).  In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint.  See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal.  Wolfe, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the [very] truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Safe Air, 373 F.3d at 1039.  In resolving this type of challenge, the court "need not presume the truthfulness of the plaintiff's allegations."  Id. (citation omitted).  Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  Id. (citations omitted).  Once the moving

party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).  See also Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

## IV.   DISCUSSION

Federal subject matter jurisdiction can generally arise in two ways: (1) the action arises under the Constitution, laws, or treaties of the United States (i.e., raises a federal question), see 28 U.S.C. § 1331; or (2) the action is between parties of diverse citizenship, see 28 U.S.C. § 1332.  In moving to dismiss this action, Defendant argues that neither basis is alleged on the face of Plaintiff's complaint. For the reasons set forth below, the Court agrees.

### A.   Federal Question Jurisdiction

Plaintiff contends that this Court has original jurisdiction over this matter because the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136, *et seq.,* creates a federal cause of action for damages for mislabeling pesticides.  FIFRA is a federal regulatory statute governing the marketing and use of pesticides.  Under FIFRA, a pesticide must be registered with the United States Environmental Protection Agency ("the EPA").  7 U.S.C. § 136a(a).  Registration is dependent upon a showing that the pesticide is effective, will not cause unreasonable adverse effects on humans and the environment, and complies with the statute's prohibition on misbranding.  Bates v. Dow Agrosciences LLC, 544 U.S. 431, 438 (2005).  A pesticide can be considered "misbranded" for a number of reasons, including (1) the label contains a misleading statement or (2) the label omits necessary warnings.  See 7 U.S.C. § 136(q)(1)(A) & (G).

Although FIFRA makes it unlawful for any person to distribute or sell a misbranded pesticide, see 7 U.S.C. § 136j(a)(1)(E), actions to enforce provisions of FIFRA may only be brought by certain federal and state governmental agencies.  No Spray Coalition, Inc. v. City of New York, 351 F.3d 602, 605 (2d Cir. 2003).  In other words, FIFRA does *not* create a private cause of action.  Id.; Almond Hill School v. United States Dep't of Agriculture, 768 F.2d 1030, 1035 (9th Cir. 1985).  The Ninth Circuit has been clear on this matter:

4

Case 1:13-cv-00368-LJO-MJS   Document 17   Filed 05/29/13   Page 5 of 7

> The legislative history confirms that Congress did not intend to create a private right of action under FIFRA. Congress considered and explicitly rejected amendments that would have authorized citizen suits, including suits against the EPA Administrator for failure to perform nondiscretionary duties or for failure to investigate and prosecute violations [of FIFRA].

Fiedler v. Clark, 714 F.2d 77, 79 (9th Cir. 1983) (citations omitted). Thus, Plaintiff's assertion to the contrary -- that FIFRA creates a federal cause of action -- lacks merit.

The Supreme Court's decision in Bates, which Plaintiff cites extensively to as support for its position, provides no differently. In Bates, Texas peanut farmers filed suit against the distributor of a pesticide called "Strongarm." 544 U.S. at 434. The farmers alleged that the distributor either knew or should have known that Strongarm would stunt the growth of peanuts in soils with pH levels of 7.0 or greater. Id. at 435. However, according to the farmers, the pesticide's label did not contain a warning about this, nor did the distributor's agents provide the farmers any warnings on this matter. Id. When the farmers applied Strongarm to their farms, whose soils have pH levels of 7.2 or higher, the farmers' crops were severely damaged. Id.

The farmers asserted state law claims for damages against the distributor, including breach of warranty, products liability, and fraud. The issue before the Supreme Court was whether the farmers' state law claims were preempted by FIFRA.[1] The Supreme Court concluded that the claims were not preempted, so long as they did not impose "a label or packaging requirement that is 'in addition to or different from those required under [FIFRA.]'" Id. at 444 (original emphasis omitted). The Supreme Court explained that while "*FIFRA does not provide a federal remedy* to farmers and others who are injured as a result of FIFRA's labeling requirements, nothing in [FIFRA] [absolutely] precludes *States* from providing such a remedy." Id. at 448 (emphasis added).

That is precisely the case here. Plaintiff may assert *state* law claims predicated on violations of FIFRA to the extent that such would not impose a requirement that is "in addition to or different from" those required by FIFRA. Id. at 444. What Plaintiff may not do is assert a *federal* claim; FIFRA does not provide a federal remedy to private litigants. Id.; Fielder, 714 F.2d at 79. Thus, Plaintiff's reliance

---

[1] FIFRA provides that a State that regulates the sale or use of any federally registered pesticide "shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under [FIFRA]." 7 U.S.C. § 136v(a)-(b).

5

on FIFRA to establish federal question jurisdiction fails.[2]

### B. Diversity Jurisdiction

There are two requirements for invoking diversity jurisdiction: (1) diversity of citizenship; and (2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Here, there does not appear to be diversity between the parties. The complaint simply alleges that Plaintiff has its principle place of business in California; that Britz does business in California; and that Mr. Branson is licensed as a pest control advisor in California. (Doc. 1 ¶¶ 1-2.) This does not establish diversity jurisdiction. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires that "each plaintiff is diverse from the citizenship of each defendant"); Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990) ("For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principle place of business.") (citing 28 U.S.C. § 1332(c)). Indeed, Plaintiff does not argue otherwise.

## V. CONCLUSION

In sum, the complaint fails to show on its face that this Court has federal question or diversity jurisdiction over this matter. Defendants' motion to dismiss for lack of subject matter jurisdiction is therefore GRANTED. If Plaintiff believes that it can amend its pleadings to cure this deficiency, then

---

[2] Although the parties do not raise the issue, in the absence of a federal cause of action, federal question jurisdiction could still arise if Plaintiff's state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). However, it is clear that this case does not fall within that "special and small category." Empire HealthChoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006). First, the fact that Plaintiff relies on FIFRA's definition of "misbranded" to impose liability under its state causes of action does not mean that a substantial issue of federal law is raised. See City of Livingston v. Dow Chem. Co., No. C 05-3262 JSW, 2005 U.S. Dist. LEXIS 42387, at *5-9 (N.D. Cal. Oct. 5, 2005) (plaintiff's state law claims did not raise a substantial question of federal law even though they were predicated on FIFRA's labeling requirements). Second, converting what is essentially a state consumer protection suit into a federal case would disturb the balance between state and federal courts. See Nevada v. Bank of Am. Corp., 672 F.3d 661, 676 (9th Cir. 2012) ("Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald[] a potentially enormous shift of traditionally state causes into federal courts.'") (quoting Grable, 545 U.S. at 319).

it shall file an amended complaint by June 18, 2013.[3]  Otherwise, the Court will (1) dismiss this action without prejudice to Plaintiff bringing its claims in state court; and (2) close this case.

IT IS SO ORDERED.

Dated:    **May 28, 2013**                                      **/s/ Lawrence J. O'Neill**
                                                          UNITED STATES DISTRICT JUDGE

---

[3] The Court stresses that it has no interest in revisiting this matter unless Plaintiff can, *in good faith*, cure the deficiencies in its pleadings.  Plaintiff is reminded of its obligations under Federal Rule of Civil Procedure 11(b)(1)-(2) in this regard.